

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

AMIN YU
   a/k/a Yu Amin
   a/k/a Amy Yu

CASE NO. 6:16-cr- 23 - ORL- 37- GJK
18 U.S.C. § 554
13 U.S.C. § 305(a)(1)
18 U.S.C. § 981(a)(1)(C) - Forfeiture
28 U.S.C. § 2461(c) - Forfeiture

## INDICTMENT

The Grand Jury charges:

At times material to this Indictment:

1.    The Department of Commerce (DOC), through the U.S. Census Bureau (Census) and the Bureau of Industry and Security (BIS) required the filing of electronic export information through the Automated Export System (AES) or through AES*Direct* pursuant to Title 13, United States Code, Section 305 and the Foreign Trade Regulations (FTR), Title 15, Code of Federal Regulations, Part 30. The purpose of these requirements was to strengthen the United States government's ability to prevent the export of certain items to unauthorized destinations and end users because the AES aids in targeting, identifying, and when necessary confiscating suspicious or illegal shipments prior to exportation. 15 C.F.R. § 30.1(b).

2.    With exceptions not relevant to the exports at issue in this Indictment, electronic export information (EEI) was required to be filed for,



amongst other things, the export of commodities valued over $2,500.00 per Harmonized Tariff Schedule of the United States of America (HTSUSA) commodity classification code. EEI was required to contain, among other things: the names and addresses of the parties to the transaction; and the description, quantity, and value of the items exported. 15 C.F.R. §§ 30.6(a) and 758.1(a).

## COUNT ONE

### (Smuggling Goods out of the United States)

3. On or about February 11, 2011, in the Middle District of Florida, and elsewhere,

**AMIN YU**
**a/k/a Yu Amin**
**a/k/a Amy Yu,**

the defendant herein, did fraudulently and knowingly export and send the following items:

- a. RTD Embedded Technologies PC/104 CPUs (mission, motion, and video guidance computers), with a value of $37,436.00;

- b. Moog / Focal Technologies 907 Multiplexers (devices for digital signal transmission through fiber optics), with a value of $54,896.00; and

- c. Seacon AWQ / XSL and MSSK / MINL Marine Cables, with a value of $14,247.40,

from the United States to the People's Republic of China contrary to Title 13, United States Code, Section 305 and the Foreign Trade Regulations, Title 15, Code of Federal Regulations, Part 30, a law and regulation of the United States, in that she failed to file EEI despite knowing that the value of the items being exported was approximately $106,579.40.

All in violation of Title 18, United States Code, Section 554, and Title 18, United States Code, Section 2.

## COUNT TWO

### (Failure to File Electronic Export Information)

4. Paragraphs 1 and 2 are realleged and incorporated herein by reference as to Count Two.

5. On or about February 11, 2011, in the Middle District of Florida, and elsewhere,

**AMIN YU**
**a/k/a Yu Amin**
**a/k/a Amy Yu,**

the defendant herein, did knowingly fail to file electronic export information (EEI) through the Automated Export System (AES) when the defendant exported from the United States to China the following items with a total value of approximately $106,579.40, which, per HTSUSA commodity classification code, required the filing of such EEI:

    a. RTD Embedded Technologies PC/104 CPUs (mission, motion, and video guidance computers), with a value of $37,436.00;

    b. Moog / Focal Technologies 907 Multiplexers (devices for digital signal transmission through fiber optics), with a value of $54,896.00; and

    c. Seacon AWQ / XSL and MSSK / MINL Marine Cables, with a value of $14,247.40.

All in violation of Title 13, United States Code, Section 305(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE

1. The allegations contained in Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 13, United States Code, Section 305(3), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the violation alleged in Count One of this Indictment, the defendant, AMIN YU, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of her interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violations.

3. Upon conviction of the violation alleged in Count Two of the Indictment, the defendant, **AMIN YU**, shall forfeit to the United States of America, pursuant to Title 13, United States Code, Section 305(3) any of the defendant's interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation; any of the defendant's interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and any of the defendant's property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the violation.

4. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) or Title 28, United States Code, Section 2461(c).

A TRUE BILL,

_____
Foreperson

A. LEE BENTLEY, III
United States Attorney

By: _____
Daniel C. Irick
Assistant United States Attorney

By: _____
Katherine M. Ho
Assistant United States Attorney

FORM OBD-34
APR 1991

No.

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

AMIN YU
a/k/a Yu Amin
a/k/a Amy Yu

**INDICTMENT**

Violations:

18 U.S.C. § 554
13 U.S.C. § 305(a)(1)

A true bill,

_____
Foreperson

Filed in open court this 10th day of February, 2016.

_____
Clerk

Bail   $_____

GPO 863 525