AF Approval _____   Chief Approval _____

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:16-cr-23-Orl-37GJK

AMIN YU
 a/k/a Yu Amin
 a/k/a Amy Yu

## **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Lee Bentley, III, United States Attorney for the Middle District of Florida, and the defendant, AMIN YU, a/k/a Yu Amin, a/k/a Amy Yu (YU), and the attorney for the defendant, David Haas, mutually agree as follows:

## A.   **Particularized Terms**

### 1.   Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and Thirteen of the Superseding Indictment.  Count One charges the defendant with Acting in the United States as an Agent of a Foreign Government Without Prior Notification to the Attorney General, in violation of 18 U.S.C. § 951(a).  Count Thirteen charges the defendant with Conspiracy to Commit International Money Laundering, in violation of 18 U.S.C. § 1956(h).

Defendant's Initials  AY

2. <u>Maximum Penalties</u>

Count One carries a maximum sentence of not more than 10 years' imprisonment, a fine of not more than $250,000, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals.

Count Thirteen carries a maximum sentence of not more than 20 years' imprisonment, a fine of not more than $500,000, or twice the value of the monetary instrument or funds involved in the transportation, transmission, or transfer, whichever is greater, a term of supervised release of not more than 3 years, and a special assessment of $100 per felony count for individuals.

With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offenses, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.  The elements of Counts One and Thirteen are:

<u>Count One:   18 U.S.C. § 951(a):</u>

<u>First</u>:       The Defendant acted in the United States as an agent
of a foreign government;

Defendant's Initials  _A Y_                     2

Second:    The Defendant failed to notify the Attorney General of the United States that she would be acting in the United States as an agent of a foreign government prior to so acting; and

Third:    The Defendant acted knowingly and knew that she had not provided prior notification to the Attorney General.

Count Thirteen:  18 U.S.C. § 1956(h):

First:    Two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. § 1956(a)(2)(A); and

Second:    The Defendant knowingly and voluntarily joined or participated in the conspiracy.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the defendant, Counts Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Fourteen, Fifteen, Sixteen, Seventeen, and Eighteen, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's

applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant

Defendant's Initials  $\mathcal{AY}$                    4

has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

        8.     Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial

Defendant's Initials  A Y         5

assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

      9.    <u>Use of Information - Section 1B1.8</u>

      Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § 1B1.8(b).

      10.    <u>Cooperation - Responsibilities of Parties</u>

      a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the

Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.      It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)      The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)      The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the

Defendant's Initials  AY                    7

indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United

Defendant's Initials  AY                8

States, the United States may move the Court to declare this entire plea agreement null and void.

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.  The assets to be forfeited specifically include, but are not limited to, a money judgment in the amount of $426,482.03, representing the amount of funds involved in the money laundering conspiracy charged in Count Thirteen.  As stated in the Factual Basis, $620,122.78 was involved in the money laundering conspiracy.  However, the Department of Homeland Security, Customs and Border Protection completed an administrative forfeiture of the $193,640.75 that the defendant surrendered to agents of Homeland Security Investigations on February 24, 2014, following the execution of a search warrant at her residence.  The defendant admits that she received proper notice of that forfeiture proceeding and hereby expressly consents to it. Accordingly, the United States agrees that the $193,640.75 administrative forfeitures constitutes a recovery of property involved in the money laundering conspiracy, reducing the appropriate amount of the money judgment from $620,122.78 to $426,482.03.

Defendant's Initials  AY                9

The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the entry of a forfeiture money judgment. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the amount of the proceeds of the offenses to which defendant is pleading guilty is $426,482.03 and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment. The defendant consents to the forfeiture of the

Defendant's Initials __AY__                    10

following substitute assets in satisfaction of the money judgment: (1) the residence located at 16138 Bristol Lake Circle, Orlando, Florida; and (2) the residence located at 16224 Bristol Lake Circle, Orlando, Florida. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of her cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

      12.    Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.  Under federal law, the offense to which defendant is pleading guilty may be a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that may result from the defendant's guilty plea, even if the consequence is the defendant's automatic removal from the United States following completion of the defendant's sentence.

**B.**    **Standard Terms and Conditions**

      1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to

Defendant's Initials  AY          12

any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to
make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663,
including restitution as to all counts charged, whether or not the defendant enters
a plea of guilty to such counts, and whether or not such counts are dismissed
pursuant to this agreement.  The defendant further understands that compliance
with any restitution payment plan imposed by the Court in no way precludes the
United States from simultaneously pursuing other statutory remedies for
collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to,
garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in
order to ensure that the defendant's restitution obligation is satisfied.
On each count to which a plea of guilty is entered, the Court shall impose a
special assessment pursuant to 18 U.S.C. § 3013.

The defendant understands that this agreement imposes no
limitation as to fine.

2.    Supervised Release

The defendant understands that the offenses to which the
defendant is pleading provides for imposition of a term of supervised release
upon release from imprisonment, and that, if the defendant should violate the
conditions of release, the defendant would be subject to a further term of
imprisonment.

Defendant's Initials  $A\Upsilon$              13

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon

conviction, a defendant who is not a United States citizen may be removed from

the United States, denied citizenship, and denied admission to the United States

in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the

Court and the United States Probation Office all information concerning the

background, character, and conduct of the defendant, to provide relevant factual

information, including the totality of the defendant's criminal activities, if any, not

limited to the counts to which defendant pleads, to respond to comments made

by the defendant or defendant's counsel, and to correct any misstatements or

inaccuracies.  The United States further reserves its right to make any

recommendations it deems appropriate regarding the disposition of this case,

subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.

32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States

Attorney's Office within 30 days of execution of this agreement an affidavit

reflecting the defendant's financial condition.  The defendant promises that her

financial statement and disclosures will be complete, accurate and truthful and

will include all assets in which she has any interest or over which the defendant

Defendant's Initials  AY          14

exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.  The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.  The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.  The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

      6.    <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement.  The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office.  The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by

Defendant's Initials  _A Y_            15

the Court, with the assistance of the United States Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

       7.     Defendant's Waiver of Right to Appeal the Sentence

          The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by

Defendant's Initials  A͟Y͟         16

18 U.S.C. § 3742(b), then the defendant is released from her waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

    8.    <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

    9.    <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

    10.    <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice

Defendant's Initials  AY          17

received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

      11.    <u>Factual Basis</u>

        Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are

true, and were this case to go to trial, the United States would be able to prove

those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea and

no other promises, agreements, or representations exist or have been made to

the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this _25th_ day of _____May_____, 2016.

A. LEE BENTLEY, III
United States Attorney

AMIN YU
  a/k/a Yu Amin
  a/k/a Amy Yu

Daniel C. Irick
Assistant United States Attorney

David Haas
Attorney for Defendant

Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

Defendant's Initials  AY                    19

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 6:16-cr-23-Orl-37GJK

AMIN YU
   a/k/a Yu Amin
   a/k/a Amy Yu

## PERSONALIZATION OF ELEMENTS

Count One:   18 U.S.C. § 951(a):

First:        From about 2002 through about February 2014, in Orlando, Florida,
              in the Middle District of Florida, did you act in the United States as
              an agent of a foreign government?

Second:       Did you fail to notify the Attorney General of the United States that
              you would be acting in the United States as an agent of a foreign
              government prior to so acting?

Third:        Did you act knowingly, and did you know that you had not provided
              prior notification to the Attorney General?

Count Thirteen:   18 U.S.C. § 1956(h):

First:        From about 2002 through about February 2014, in Orlando, Florida,
              in the Middle District of Florida, did you and at least one other
              person agree to try to accomplish a common and unlawful plan to
              violate 18 U.S.C. § 1956(a)(2)(A), that is the making of international
              wire transfers with the intent to promote the carrying on of specified
              unlawful activity?

Second:       Did you know about the plan's unlawful purpose and knowingly and
              voluntarily join in it?

Defendant's Initials  $AY$          20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:16-cr-23-Orl-37GJK

AMIN YU
   a/k/a Yu Amin
   a/k/a Amy Yu

## FACTUAL BASIS

Beginning in about 2002, and continuing until about February 2014, in the

Middle District of Florida, and elsewhere, YU knowingly acted in the United

States as an agent of a foreign government, to wit:  the People's Republic of

China (PRC), without prior notification to the Attorney General of the United

States as required by law, in violation of Title 18, United States Code, Section

951(a).

In addition, in about 2002, and continuing until about February 2014, in the

Middle District of Florida, and elsewhere, YU knowingly and voluntarily

combined, conspired, and agreed with at least one other person to commit

offenses against the United States in violation of Title 18, United States Code,

Section 1956, to wit:  to transport, transmit and transfer and attempt to transport,

transmit and transfer a monetary instrument and funds from and through a place

outside the United States to and through a place inside the United States with the

intent to promote the carrying on of specified unlawful activity, in violation of Title

Defendant's Initials  *AY*                    21

18, United States Code, Section 1956(a)(2)(A), all of which was in violation of Title 18, United States Code, Section 1956(h).

Generally, and without limiting either party's ability to introduce additional evidence at the sentencing hearing in this matter, the defendant acted as an agent of a foreign government and participated in the conspiracy in the following ways, among others:

At times relevant to the Superseding Indictment, the Department of Commerce, through the U.S. Census Bureau, required the filing of electronic export information through the Automated Export System (AES) or through AES*Direct* pursuant to Title 13, United States Code, Section 305 and the Foreign Trade Regulations (FTR), Title 15, Code of Federal Regulations, Part 30.  With exceptions not relevant to the exports at issue in the Superseding Indictment, electronic export information (EEI) was required to be filed for, among other things, the export of commodities valued over $2,500.00 per Harmonized Tariff Schedule of the United States of America (HTSUSA) commodity classification code.  EEI was required to contain, among other things:  the names and addresses of the parties to the transaction; and the description, quantity, and value of the items exported.

At times relevant to the Superseding Indictment, the PRC was a "foreign government" as that term is defined under 28 C.F.R. § 73.1(b).  YU was a citizen of the PRC and a Lawful Permanent Resident of the United States who lived and worked in Mason, Ohio, and then in Orlando, Florida, in the Middle District of

Florida. From at least 2002 until about January 2009, YU controlled Amin International, Inc., an Ohio corporation, from her residence in Mason, Ohio. From about February 2009 until at least February 2014, YU controlled IFour International, Inc., a Florida corporation, from her residence in Orlando, Florida.

At times relevant to the Superseding Indictment, Harbin Engineering University (HEU) was a PRC-controlled entity that was initially formed in 1953 under the direction of the military of the PRC, the People's Liberation Army (PLA), as the "PLA Military Engineering Institute." Although the entity changed its name to "Harbin Engineering University" in 1966, HEU continued to conduct research and development for use by, and on behalf of, the PRC, including for the PLA Navy and other state-controlled entities. The PLA Navy was the branch of the PLA responsible for, among other things, the development and operation of marine submersible vehicles for use by the PLA.

Prior to moving to the United States in about 1998, YU was the Laboratory Manager at the Marine Control Equipment and System Research Division of HEU. YU worked at HEU under the direction and control of Co-conspirator A and others at HEU on projects involving, among other things, the navigation of underwater remotely operated vehicles (ROVs). Co-conspirator A was an agent of HEU and a professor at the HEU College of Automation. In about 2002, Co-conspirator A was appointed the Chief Technology Expert of a key PRC national research project concerning the development of an unmanned underwater vehicle (UUV).

Defendant's Initials __AY__                23

As described in the Superseding Indictment, from at least 2002 until in or about February 2014, at the request of, and subject to the direction and control of, Co-conspirator A and other co-conspirators in the PRC associated with HEU, YU obtained items from companies in the United States, Canada, and Europe and then exported those items to the PRC for use by Co-conspirator A and others in the development of marine submersible vehicles (i.e., UUVs, ROVs, and AUVs (autonomous underwater vehicles)) for HEU, the PLA Navy, and other state-controlled entities.  YU's exports were illegal in that she exported goods that were valued in excess of $2,500 and, thus, required the filing of EEI pursuant to U.S. law and regulation; however, YU failed to file any EEI or filed false and misleading EEI in relation to her exports.  The following are examples of such illegal exports made by YU under the direction and control of Co-conspirator A and others at HEU:

In October 2009, YU caused the export of underwater acoustic locator devices and underwater cables and connectors to HEU as specified in the Superseding Indictment.  In relation to that export, YU falsely valued the items at less than $2,500 on shipping documents and, as a result, failed to file any EEI in violation of U.S. law and regulation.  On or about August 11, 2009, with the intent to promote the carrying on of the outbound smuggling of those items to the PRC, YU and her co-conspirators caused a company in the PRC to send an international wire transfer in the amount of $107,516.63 from a bank account in

Defendant's Initials   AY                    24

the PRC to the U.S.-based bank account of IFour International in Orlando, Florida.

In February 2011, YU caused the export of PC104 CPUs, 907 multiplexers, and underwater cables and connectors to HEU as specified in the Superseding Indictment. In relation to that export, YU falsely valued the items at less than $2,500 on shipping documents and, as a result, failed to file any EEI in violation of U.S. law and regulation. On or about November 19, 2010, with the intent to promote the carrying on of the outbound smuggling of those items to the PRC, YU and her co-conspirators caused a company in the PRC to send an international wire transfer in the amount of $133,985.00 from a bank account in the PRC to the U.S.-based bank account of IFour International in Orlando, Florida.

In April 2011, YU caused the export of 907 multiplexers to HEU as specified in the Superseding Indictment. In relation to that export, YU falsely valued the items at less than $2,500 on shipping documents and, as a result, failed to file any EEI in violation of U.S. law and regulation. On or about February 10, 2011, with the intent to promote the carrying on of the outbound smuggling of those items to the PRC, YU and her co-conspirators caused a company in the PRC to send an international wire transfer in the amount of $79,393.00 from a bank account in the PRC to the U.S.-based bank account of IFour International in Orlando, Florida.

In May 2011, YU caused the export of sidescan sonar and underwater sensors to HEU as specified in the Superseding Indictment.  In relation to that export, YU failed to file any EEI in violation of U.S. law and regulation.  On or about August 1, 2011, with the intent to promote the carrying on of the outbound smuggling of those items to the PRC, YU and her co-conspirators caused a company in the PRC to send an international wire transfer in the amount of $26,455.97 from a bank in the PRC to the U.S.-based bank account of IFour International in Orlando, Florida.

In September 2011, YU caused the export of control sticks and button strips to HEU as specified in the Superseding Indictment.  In relation to that export, YU failed to file any EEI in violation of U.S. law and regulation.  On or about May 20, 2011, with the intent to promote the carrying on of the outbound smuggling of those items to the PRC, YU and her co-conspirators caused a company in the PRC to send an international wire transfer in the amount of $16,668.00 from a bank in the PRC to the bank account of IFour International in Orlando, Florida.

In January 2014, YU caused the export of underwater cables and connectors to HEU as specified in the Superseding Indictment.  In relation to that export, YU caused the filing of false and misleading EEI in violation of U.S. law and regulation.  Specifically, YU caused the filing of EEI that contained a false and misleading U.S. Principal Party (USPPI), Employment Identification Number for the USPPI, and Ultimate Consignee.  On or about November 13, 2013, with

Defendant's Initials  $\underline{A Y}$          26

the intent to promote the carrying on of the outbound smuggling of those items to the PRC, YU and her co-conspirators caused a company in the PRC to send an international wire transfer in the amount of $143,655.18 from a bank in the PRC to the bank account of IFour International in Orlando, Florida.

The parties agree that, pursuant to USSG § 2M5.1(a)(2), the Base Offense Level for the offense in Count One of the Superseding Indictment is 14.

The parties further agree that, pursuant to USSG § 2S1.1(a)(1), the offense level for the underlying offenses from which the laundered funds were derived should be used to calculate the Base Offense Level for the offense in Count Thirteen of the Superseding Indictment. Specifically, the underlying offenses from which the laundered funds were derived are violations of Title 18, United States Code, Section 554, the defendant committed those underlying offenses, and the offense level for those offenses can be determined by reference to USSG § 2M5.1(a)(2). In all, YU and her co-conspirators caused companies in the PRC to send international wire transfers in the amount of $620,122.78 from banks in the PRC to bank accounts in the Middle District of Florida in furtherance of the conspiracy.

Defendant's Initials  _A Y_       27